IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Miscellaneous Action No. 16-mc-00162-PAB

ERIC D. SPEIDELL,

      Petitioner,

v.

UNITED STATES OF AMERICA, through its agency the Internal Revenue Service,

      Respondent.
_____

**ORDER**
_____

      This matter is before the Court on petitioner's Amended Petition to Quash Summons [Docket No. 6], the United States' Motion to Dismiss [Docket No. 10], and the Petitioner's Motion for the Court to Postpone its Ruling Until an Opinion has Been Issued in Appellate Case No. 16-1281 [Docket No. 18].

      Petitioner is an owner and operator of The Green Solution Retail, Inc. and several related entities (collectively, "The Green Solution") that are engaged in the retail sale of marijuana-related products in Colorado. Docket No. 10-1 at 2, ¶ 4. The Internal Revenue Service ("IRS") is conducting a civil audit of petitioner and The Green Solution's tax liability for fiscal years 2013 and 2014. *Id*. at 2-3, ¶¶ 9-10, 12. In relation to the audit, the IRS seeks records to establish the federal tax liability for The Green Solution. *Id*. at 3, ¶¶ 13-14, 17. On July 5, 2016, the IRS sent a summons to the Colorado Department of Revenue's Marijuana Enforcement Division ("MED") seeking information about "marijuana licenses and business names used by Mr. Speidell."

Docket No. 10-1 at 4, ¶ 22. The same day, the IRS sent a notification to petitioner by certified mail that the summons had issued. Docket No. 10-1 at 17. Petitioner states that his attorneys received the summons on July 28, 2016. Docket No. 6-2 at 1, ¶ 4. Petitioner now seeks to quash the summons. Docket No. 6.[1]

The United States' motion to dismiss is brought, in part, under Fed. R. Civ. P. 12(b)(1). A motion under Fed. R. Civ. P. 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A petitioner bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cty. of Denver*, 2012 WL 4355556 at *1 (D. Colo. Sept. 24, 2012).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). The court may review materials outside the pleadings without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *Davis ex rel. Davis v. U.S.*, 343

---

[1] Petitioner moved the Court to withhold ruling on his petition until the Tenth Circuit decided an appeal by The Green Solution Retail, Inc. in a related case, No. 16-1281. The Tenth Circuit has decided that appeal. *See Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111 (10th Cir. 2017). Accordingly, the Court will deny petitioner's request to withhold a ruling as moot. *See* Docket No. 18.

F.3d 1282, 1296 (10th Cir. 2003).

The United States is immune from suit without its consent. *United States v. Testan*, 424 U.S. 392, 399 (1976). A waiver of sovereign immunity must be unambiguously expressed in statutory text and is strictly construed in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). One such statutory waiver of sovereign immunity allows a taxpayer to bring petitions to quash summonses when the IRS seeks information from third parties about that taxpayer. 26 U.S.C. § 7609 (I.R.C. § 7609). If a taxpayer wishes to bring a proceeding to quash a summons issued to a third party, he or she must do so no later than the 20th day after the day notice of the summons is given. 26 U.S.C. § 7609(b)(2)(A) (I.R.C. § 7609(b)(2)(A)). Notice is deemed sufficient if it is sent by certified or registered mail to the last known address of the person entitled to notice. 26 U.S.C. § 7609(a)(2) (I.R.C. § 7609(a)(2)).

IRS Revenue Agent David Hewell states that he issued the summons to MED on June 7, 2016 and provided notice to petitioner via certified mail sent to petitioner's address on the same day. *See* Docket No. 10-1 at 4-5, ¶¶ 22, 25. Petitioner filed his motion to quash on July 29, 2016, more than 20 days after Revenue Agent Hewell provided petitioner with notice by certified mail. *See* Docket No. 2. As a result, petitioner's petition appears to be untimely. *See Cosme v. I.R.S.*, 708 F. Supp. 45, 46-47 (E.D.N.Y. 1989).

Petitioner raises several arguments in response. First, he suggests that considering Revenue Agent Hewell's declaration converts defendant's motion into a motion for summary judgment, requiring a different standard of review. *See* Docket No.

14 at 7. However, the Court may review materials outside the pleadings without converting a Rule 12(b)(1) motion into a motion for summary judgment. *See Davis*, 343 F.3d at 1296. Petitioner, not defendant, has the burden of establishing that this Court has subject matter jurisdiction to hear the case. *See Basso*, 495 F.2d at 909. Second, petitioner argues that "authentic and admissible evidence" does not indicate that Revenue Agent Hewell mailed the summons to petitioner. *See* Docket No. 14 at 7. This argument ignores Revenue Agent Hewell's sworn affidavit that he mailed the summons, along with an accompanying certificate and mail receipt. *See* Docket No. 10-1 at 4-5, ¶¶ 22, 25; and at 17. Third, petitioner suggests that the Post Office has no record of the certified mail receipt provided by defendant. *See* Docket No. 14 at 8. However, the tracking number on the screenshot provided by petitioner does not match the tracking number on the certified mail receipt. *Compare* Docket No. 10-1 at 17 (tracking number 70110470000197685653) *with* Docket No. 14-2 (tracking number 70110470000197605653). Thus, his argument lacks support. Finally, petitioner asks the Court to make the "reasonable inference" that petitioner would have filed a timely response if he had received the summons. *See* Docket No. 14 at 8. However, the statute only requires that the summons be mailed within a certain time, not that petitioner actually receives the summons. *See* 26 U.S.C. § 7609(b)(2)(A) (I.R.C. § 7609(b)(2)(A)).

Because petitioner did not file his petition within 20 days of notice being sent by the IRS, the Court does not have subject matter jurisdiction to hear this case. *See Cosme*, 708 F. Supp. at 47.

4

Therefore, it is

**ORDERED** that petitioner's Amended Petition to Quash Summons [Docket No. 6] is **DISMISSED** for lack of subject matter jurisdiction.  It is further

**ORDERED** that the United States' Motion to Dismiss [Docket No. 10] is **GRANTED**.  The summons issued to the Colorado Department of Revenue's Marijuana Enforcement Division is **ENFORCED** pursuant to 26 U.S.C. § 7604.  It is further

**ORDERED** that the Petitioner's Motion for the Court to Postpone its Ruling Until an Opinion has Been Issued in Appellate Case No. 16-1281 [Docket No. 18] is **DENIED** as moot.  It is further

**ORDERED** that this case is closed.


DATED April 24, 2019.

                                        BY THE COURT:


                                         s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        Chief United States District Judge